IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                      Case No. 4:15-cr-00006 KGB

BOBBY HARRISON                                                                        DEFENDANT

**ORDER**

Before the Court is a second motion to reduce term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed *pro se* by defendant Bobby Harrison (Dkt. No. 37). The government responded in opposition to the motion (Dkt. No. 38). The government asserts that, even if Mr. Harrison has now exhausted his administrative rights, compassionate release still is not warranted in this case. For the following reasons, the Court denies Mr. Harrison's second motion for compassionate release (Dkt. No. 37).

**I.      Background**

Mr. Harrison was sentenced by this Court on August 3, 2016, to a term of 120 months in the Federal Bureau of Prisons ("BOP") to be followed by five years of supervised release (Dkt Nos. 28, 29). He was found guilty of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Dkt. No. 29). He represents in his current motion that he has served 64 months of his sentence and earned 270 days of good time credit (Dkt. No. 37, at 1). He states that he is 57 years old and classified as low custody by the BOP (*Id.*, at 4). In his motion, he proposes a release plan and a plan for employment, if released (*Id.*, at 5). Mr. Harrison states in his motion that, on April 5, 2020, he sent a request for compassionate release to the warden, and he states in his motion that he had not received a response to his request as of the date of filing his second motion, which the Clerk docketed on June 29, 2020 (*Id.*, at 5).

Initially, the government maintained that, based on Mr. Harrison's allegations in his first motion for compassionate release, Mr. Harrison failed to satisfy the exhaustion requirement applicable to his request before seeking relief from the Court (Dkt. No. 34, at 2-4).  The government also contended in its initial response that, due to Mr. Harrison's particular circumstances including but not limited to his reported health condition, the BOP facility where he is housed, his proposed release plan, and the alleged danger he poses to the community, compassionate release of Mr. Harrison by the Court is not warranted (*Id.*, at 11-19).  In its response to Mr. Harrison's second motion for compassionate release, the government concedes this Court now has jurisdiction to consider the motion but again maintains that compassionate release is not warranted in Mr. Harrison's case (Dkt. No. 38, at 2).

**II.     Discussion**

This Court has received release requests during the current pandemic that reference the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and that reference what is often referred to as the "compassionate release" provision set forth in 18 U.S.C. § 3582(c)(1)(A).

Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c).  *See* CARES Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281, 515–17 (2020).  The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the BOP.  *See id.*; *accord* 18 U.S.C. § 3624(c)(2).  Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.  To the extent Mr. Harrison seeks relief from this Court under the CARES Act, the Court denies his motion.

The Court interprets Mr. Harrison's motion to be a request pursuant to the compassionate release provision of the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–40 (2018) (codified at 18 U.S.C. § 3582). For the following reasons, the Court denies Mr. Harrison's motion for compassionate release.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Once a district court has pronounced sentence and the sentence becomes final, the district court may only reconsider or alter the sentence pursuant to statutory authority. *See United States v. Addonizio,* 442 U.S. 178, 189–90 (1979). The compassionate release provision permits a district court to modify a term of imprisonment after it is imposed. *See* 18 U.S.C. § 3582(c)(1)(A).

Until passage of the First Step Act, under the then-governing statute, only the BOP could seek from a district court compassionate release on behalf of an incarcerated federal defendant for extraordinary and compelling reasons. The First Step Act amended the statute to authorize defendants to seek compassionate release on their own behalf, provided that the defendant first asks the BOP to do so and exhausts administrative appeals following denial of this request by the BOP. *See* 18 U.S.C. § 3582(c)(1). Specifically, an inmate may seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The BOP may oppose a defendant's motion for compassionate release. The statute authorizes the district court to grant compassionate release, over the BOP's objection, under certain circumstances.

Although the First Step Act does not define the phrase "extraordinary and compelling," it defers to the United States Sentencing Guidelines, which does set out examples. The Court acknowledges that this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n.1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.*

Mr. Harrison in his motion does not cite any specific health conditions that he contends make him more susceptible to suffering serious illness or death if he were to contract COVID-19. Mr. Harrison does not cite age or preexisting medical conditions that place him at greater risk. The Court determines that, on the record presented, fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release. Mr. Harrison's circumstances and concerns, taken alone or together, do not present "extraordinary and compelling" reasons for release.

Mr. Harrison meets neither the minimum age nor the served-time requirement under the Guidelines, based on the Court's review of this record. Mr. Harrison does not argue that he meets either of these requirements.

Even if Mr. Harrison could establish extraordinary and compelling reasons, the Court would deny his request for compassionate release based on consideration of the 18 U.S.C. § 3142(g) and 18 U.S.C. § 3553(a) factors, all of which the Court has considered.  Specifically, here, the Court considers the nature and circumstances of the offense, the history and characteristics of Mr. Harrison, and protecting the public from additional crimes by Mr. Harrison.  *See* 18 U.S.C. §§ 3142(g)(1), (4); 18 U.S.C. §§ 3553(a)(1), (2)(c).  Mr. Harrison's criminal history and substance-abuse history weigh against granting his motion (Dkt. No. 38, at 9).  Based on the record before the Court and for the reasons explained, the Court denies his motion for compassionate release at this time.

### III. Conclusion

Based on the findings of fact and conclusions of law above, the Court denies Mr. Harrison's second motion for compassionate release (Dkt. No. 37).

So ordered this 8th day of October, 2020.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge